993 F.2d 1531
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
In re TRUSTEES OF BOSTON UNIVERSITY, Petitioners.
 No. 93-1316.
 United States Court of Appeals,
First Circuit.
 May 6, 1993
 
 ON PETITION FOR WRIT OF PROHIBITION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Edward F. Harrington, U.S. District Judge ]
 Alan D. Rose, with whom Charles R. Parrott, Matthew D. Poppel, Nutter, McClennen & Fish, Michael B. Rosen, and Dennis C. Hart were on brief, for petitioners.
 Dahlia Rudavsky, with whom Ellen J. Messing and Shilepsky, Messing & Rudavsky, P.C. were on brief, for respondents.
 D.Mass.
 DENIED AND DISMISSED.
 Before Selya, Circuit Judge, Feinberg,* Senior Circuit Judge, and Stahl, Circuit Judge.
 Per Curiam.
 
 
 1
 The trustees of Boston University petition for issuance of a writ of prohibition which, if granted, would vitiate two district court orders concerning the production of a document. We temporarily stayed the orders, expedited appellate proceedings, ordered the district court to inspect the document in camera, received both the district court's findings and the disputed document, and entertained oral argument. We now decline to issue the requested writ and dismiss the petition.
 
 
 2
 We need not wax longiloquent. It suffices to say that writs of mandamus and prohibition-we use the terms interchangeably-"are drastic remedies" that "must be used sparingly and only in extraordinary situations." In re Pearson, No. 92-2158, slip op. at 4 (1st Cir. Mar. 16, 1993). Among other things, the writ-seeker must establish a "clear and indisputable" right to the relief requested. Bankers Life & Cas. Co. v. Holland, 346 U.S. 379, 384 (1953) (quoting United States v. Duell, 112 U.S. 576, 582 (1899)). In effect, a petitioner must show "that the challenged order is palpably erroneous." Pearson, slip op. at 6. We apply this high standard with particular vigilance to orders such as the one at issue here because, as we have repeatedly cautioned, "[i]nterlocutory procedural orders ... rarely will satisfy this precondition for mandamus relief." In re Recticel Foam Corp., 859 F.2d 1000, 1006 (1st Cir. 1988). After all, "[d]ecisions regarding the scope of discovery ... and the protections to be afforded parties in the discovery process, are ordinarily left to the informed judgment of the district judge...." Id.
 
 
 3
 In this case, we have examined the petitioners' claim of attorney-client privilege in light of the record, the parties' arguments, the disputed document itself, the district court's specific findings, and the applicable law. We are firmly convinced that the district court's turnover order is not palpably erroneous. Thus, the petition falls squarely within the generality of the aforestated rule, not within the long-odds exception to it.
 
 
 4
 The petition for issuance of a writ of prohibition is denied and dismissed, the stay previously issued is dissolved, and the case is remitted to the district court for further proceedings. Mandate shall issue forthwith. Costs in favor of respondents.
 
 
 
 *
 Of the Second Circuit, sitting by designation